IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**GERALD BATIE,**

    **Petitioner,**

vs.                                                                **1:06cv62-MMP/AK**

**FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

      Petitioner, an inmate proceeding *pro se*, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 7, and has paid the filing fee. Respondents have answered the petition, Doc. 15, and Petitioner has filed a reply. Doc. 21. This matter is therefore in a posture for decision. As will be explained below, the Court respectfully recommends that habeas relief be denied and that this cause be dismissed with prejudice.

## BACKGROUND

      On or about October 4, 2002, Petitioner, serving a life sentence for sexual battery on a child under the age of twelve, received a disciplinary report for possession of a weapon. After a series of hearings, rehearings, and appeals, Petitioner received 60 days of disciplinary confinement and forfeited 120 days of gain time. By September 24, 2003, Petitioner had completed service of the disciplinary confinement. Doc. 15, Ex. H11.

      During the course of state court review, the state court issued a writ of mandamus directing that the Department afford Petitioner "a new disciplinary hearing on the disciplinary report log number 213-021235" based on the existence of "procedural irregularities" and its

failure to refute Petitioner's statement that "although he and his roommate were present for the initial twenty minutes of his room search, the weapon...was found only after he and his roommate were removed from the immediate area." Doc. 15, Ex. G. The court imposed a 45-day deadline for compliance. *Id*.

In response, the charging officer filed a new disciplinary report, re-alleging the 2002 charge of possession of a weapon and adding details which had been omitted in the first instance. The charge was re-investigated, and Petitioner was afforded another hearing. He was again convicted and given the same sentence as before. As noted previously, by the time of this final hearing, Petitioner had already completed the confinement portion of the sentence, and he was given credit for time served.

Petitioner did not then challenge the conviction through the usual administrative and court review processes but instead filed a notice of non-compliance and other motions with the court that had issued the writ of mandamus, complaining that the Department had no authority to rewrite the disciplinary report to include information that was not in the previous report. In response, the Department advised the court that it had complied with the mandamus order and issued Petitioner a corrected disciplinary report for possession of weapons and afforded him a new disciplinary hearing. Doc. 15, Ex. K. Subsequently, the court found that Petitioner's motions had been "rendered moot by the respondent's Notice of Compliance...in accordance with this court's final order granting mandamus relief," and therefore, because Respondents had "complied with this court's order, no further judicial action is required in this case and the file is hereby closed." Doc. 15, Ex. L (emphasis omitted).

Petitioner appealed that ruling, which the court of appeal affirmed without written opinion. Doc. 15, Ex. Q.

In the instant amended petition, Petitioner makes two claims: (1) that he was denied due process when the Department failed to comply with a state court order directing a new disciplinary hearing, and (2) that the state court's failure to enforce its own order violated due process. Doc. 7. He seeks expungement of the disciplinary report and restoration of lost gain time. *Id*.

## **DISCUSSION**

Respondents claim that this cause is moot because Petitioner had already served his disciplinary confinement before he sought relief in this Court and since he is serving an indeterminate term of imprisonment, he cannot show that the disciplinary conviction increased the length of his sentence. Petitioner does not dispute that at the time this petition was filed in April, 2006, he had already completed the term of disciplinary confinement at issue in this case. Instead, he argues that the Respondents' assertion of mootness, which is, in his view, premised only on the finding by the state court that his requests for compliance with the mandamus order were moot, is flawed because "at the time of this incident and Disciplinary report [he] was in the process of going before the governor and cabinet for a clemency hearing."

The question of mootness "[s]trik[es] at the very heart of federal subject matter jurisdiction," *Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir. 1980), and is a matter separate and apart from the state court's conclusion in the mandamus proceeding. Thus, "when the question to be adjudicated has been mooted by subsequent developments," *Flast v. Cohen*, 392 U.S. 83, 95 (1968), there is no longer a case or controversy to support the Court's

jurisdiction. *Sannon*, 631 F.2d at 1250. With this in mind then, a habeas petition alleging constitutional irregularities in a disciplinary proceeding is moot when filed if, at the time of filing, the prisoner has already completed the term of disciplinary confinement and cannot be revived by collateral consequences, unless the prisoner can show that the disciplinary proceeding affected the length of his sentence. *Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003); *see also Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

Thus, because Petitioner had completed the term of disciplinary confinement at the time the instant petition was filed, this cause is moot unless Petitioner can show that the disciplinary proceeding, which also resulted in the forfeiture of 120 days of gain time, actually affected the duration of his imprisonment. As previously noted, Petitioner is serving a life sentence for a 1987 conviction for sexual battery on a child under 12.

Because Petitioner is serving a "life sentence," he is not eligible to earn "basic" gain time, as basic gain time is available only to prisoners sentenced to a term of years. *See* Fla. Stat. Ann. § 944.275(2)-(4)(a); *see also* Fla. Admin. Code Ann. R. 33-603.402(1)(a)(5) (no inmate may earn or accumulate basic gain time if he is serving sentence with no definite term, i.e., life sentence or death sentence). By the terms of the gain time statute, he is also not technically eligible to earn "incentive" gain time. *See* § 944.275(4)(b); *see also Tal-Mason v. State*, 700 So.2d 453, 455 (Fla. Dist. Ct. App. 1997) (prisoner under life sentence cannot earn gain time "no matter how exemplary his conduct may be while incarcerated"). However, the Department of Corrections has determined that, while a "Life sentence[ ] cannot be reduced by gain time," any prisoner serving a life sentence "will be considered for incentive gain time and the gain time will be posted so that in the event the...life sentence is commuted to a number of years, the

accumulated incentive gain time will be applied to the inmate's sentence." Fla. Admin. Code Ann. r. 33-603.201(6)(c).  Thus, although Petitioner can earn inventive gain time on paper for "work[ing] diligently, participat[ing] in training, us[ing] time constructively, or otherwise engag[ing] in positive activities," as to the length of his sentence, he will neither receive the benefit of those days of gain time nor be affected by their loss unless his sentence is commuted to a term of years.  In short, the possibility that the loss on paper of 120 days of gain time will lengthen Petitioner's term of imprisonment, which remains at life and has not been commuted to a term of years, is too attenuated and dependent on other factors to show his term of imprisonment would be shorter if the disciplinary findings were overturned because of constitutional irregularities in the proceedings.

The petition also cannot be revived by the collateral consequence cited by Petitioner, the cancellation of his clemency hearing.  Even if the clemency hearing had gone forward as scheduled, Petitioner was not guaranteed that he would be released from custody, as clemency is an act of mercy by the Governor and lies solely in his discretion.

Because Petitioner had completed the term of disciplinary confinement at issue at the time of the filing of this petition, and he cannot show that the subject disciplinary proceeding will affect the length of his confinement, this petition was moot when filed.  However, even if the Court assumes that the petition is not moot and that Petitioner properly exhausted his state court remedies, he cannot show that the state court's finding that the State had complied with its mandamus order was contrary to, or involved an unreasonable application of, clearly established Supreme Court law or that the decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court.  28 U.S.C. § 2254(d).  This Court does not sit

as a super-appellate court either directly to enforce a state court order or to compel a state court to enforce its own order. Those are matters for a higher state court, not a federal court, and even when framed in constitutional terms, do not implicate a violation of the United States Constitution. *See Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989); *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997).

Furthermore, under *Wolff v. McDonnell*, 418 U.S. 539 (1974), Petitioner was afforded all the due process to which he was entitled. He was given prior notice of the charge against him, he was given a hearing on the charge, and he was advised of the results of the hearing and the reasons for the disciplinary action taken. *Wolff*, 418 U.S. at 564. The fact that the DR was re-numbered and contained additional details beyond those of the original charge is inconsequential, as the charge remained the same, possession of a weapon. Likewise, the failure of the hearing team to have the weapon produced at the hearing was absolutely proper and within well-established, common sense perimeters governing institutional and safety concerns. The team viewed the weapon before the hearing, and a photograph of the weapon, which was locked up, was provided. Doc. 15, Ex. H12. Thus, Petitioner was afforded sufficient due process protections in that regard, for although a prisoner does have due process rights which must be protected, he does not get the same rights at a disciplinary hearing that he otherwise would get during a criminal trial. Finally, there was more than "some evidence" to support the finding of guilt by the hearing officer. The weapon was found by the corrections officer in Petitioner's cell during a search, and the officer provided his statement to that effect. Petitioner denied that the weapon was found in his cell and maintained that even if the officer did find the weapon in his

cell, it did not belong to him.  The hearing team was perfectly within its discretion to credit the officer's statement over Petitioner's.  *See generally, Superintendent, Massachusetts Correctional Institution v. Hill*, 520 U.S. 641 (1985).

## CONCLUSION

Under these circumstances, it is respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus, Doc. 7, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 19th day of March, 2009.

S/ A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**